# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES A. KERR,

    Plaintiff,

        v.                                                                                                                                 No. CIV 98-0073 BB/LFG

BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's objections (Doc. 71) to an order filed by the Magistrate on December 16, 1998 (Doc. 65). Having reviewed the submissions of the parties and the relevant law, the Court finds that Defendant's objections are not well-taken and should be DENIED. The magistrate's order will be affirmed.

Defendant objects to the Magistrate's order because it allowed Plaintiff an opportunity to comply with his discovery obligations, even though Plaintiff's disclosures and expert report were both late and deficient. Defendant contends the Magistrate should simply have stricken the expert's report and Plaintiff's affidavit, leaving Defendant's summary judgment motion to be decided on the basis of the other evidence, if any, produced by Plaintiff. Defendant argues such action was required under Rule 37(c)(1), F.R.C.P.

Contrary to Defendant's assertions concerning the mandatory nature of Rule 37, it is clear that in the Tenth Circuit a trial court has discretion to decide what sanctions, if any, to impose on a party for discovery violations. *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir. 1994). This is so despite

the mandatory tone of Rule 37(c)(1). *Id.* While the Magistrate was not required to allow Plaintiff a second chance in this case, the Magistrate was not precluded from doing so, in his discretion. The only question for this Court, therefore, is whether the Magistrate's decision was an abuse of discretion.

Based on the record before this Court and on the Magistrate's opinions filed in this case, it is clear the Magistrate faulted both parties for the discovery problems afflicting the case. There is evidence that both parties in this case have been either deliberately stonewalling discovery efforts or being completely inattentive to the discovery requirements imposed by the rules of civil procedure. *See, e.g.*, Order Denying Defendants' Motion for Protective Order, filed February 24, 1999 (Doc. 79). Given these circumstances, the Magistrate's order was an admirable attempt to straighten out the problems, focus the case on the major question impeding discovery,[1] and get the case moving again.[2] The Court finds no abuse of discretion in the Magistrate's decision allowing Plaintiff an opportunity to fully comply with the discovery rules before taking the more severe action requested by Defendant.

The major aspect of prejudice pointed to by Defendant is the fact that Plaintiff was allowed to submit additional evidence after Defendant had already filed its summary-judgment motion. The Court agrees that Defendant should have a fair opportunity to respond to Plaintiff's additional

---

[1]The issue of which train or trains might have been stopped on the tracks at the approximate time Plaintiff approached them.

[2]Furthermore, so far as the Court can determine given the lack of evidence presented to the Magistrate on this issue, having the expert's and Plaintiff's affidavits notarized by a New Mexico notary who did not actually see them sign the affidavits appears to have been a matter of sloppy practice, rather than a deliberate attempt to mislead the Court or commit fraud. Had there been evidence of such deliberate misconduct, this would be a more serious matter warranting more serious consequences.

submissions.  The Court also notes the Magistrate's order, filed February 24, ordering Defendant to produce a witness for a deposition.  Under these circumstances, the Court will allow the parties to supplement their summary-judgment materials with additional argument or evidence, after the Rule 30(b)(6) deposition ordered by the Magistrate is held.  Such additional pleadings must be filed by March 22, 1999, and the summary-judgment motion will be ruled on prior to trial.

**ORDER**

Defendant's objections to the Magistrate's order are hereby DENIED, in accordance with the foregoing Memorandum Opinion.

DATED March 1, 1999.

                                              _____
                                              BRUCE D. BLACK
                                              UNITED STATES DISTRICT JUDGE


**Attorneys**
For Plaintiff
James P. Lyle
The Branch Law Firm
2025 Rio Grande Blvd. NW
Albuquerque, New Mexico 87104

For Defendant
John S. Thal
Karen Scott Kool
Atkinson & Thal, P.C.
201 Third St. NW
Albuquerque, New Mexico 87102